UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) <br><br> **ORDER** |
| JAY POMERANZ, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE PRIMARY FUND, et al., <br><br> Defendants. | 08 Civ. 8060 (PGG) |
| RALPH F. MILLER, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE RESERVE, et al., <br><br> Defendants. | 08 Civ. 8098 (PGG) |
| THIRD AVENUE INSTITUTIONAL INTERNATIONAL VALUE FUND, L.P., On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> THE RESERVE FUND, et al., <br><br> Defendants. | 08 Civ. 8103 (PGG) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/09

| | |
|---|---|
| SANDRA F. LIFSCHITZ, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RESERVE MANAGEMENT COMPANY, INC., et al., <br><br> Defendants. | 08 Civ. 8137 (PGG) |
| GEORGE C. DYER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE RESERVE FUND, et al., <br><br> Defendants. | 08 Civ. 8139 (PGG) |
| STUART M. KURTZER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE RESERVE FUND, et al., <br><br> Defendants. | 08 Civ. 8292 (PGG) |

| | |
|---|---|
| MICHAEL GOODMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>RESERVE MANAGEMENT COMPANY, INC., et al.,<br><br>      Defendants. | 08 Civ. 8593 (PGG) |
| DANIEL SHABEL,<br><br>      Plaintiff,<br><br> v.<br><br>BRUCE R. BENT, et al.,<br><br>      Defendants. | 08 Civ. 8946 (PGG) |
| RICHARD I. WOLGIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>THE RESERVE FUND, et al.,<br><br>      Defendants. | 08 Civ. 9525 (PGG) |

| | |
|---|---|
| MARK D. POGOLZELSKI, Individually and as Executor of the ESTATE OF RICHARD P. POGOZELSKI, On Behalf of Themselves and All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>v.<br><br>THE RESERVE FUND, et al.,<br><br>               Defendants. | 08 Civ. 9604 (PGG) |
| LEON FRENKEL, on Behalf of himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br>THE RESERVE, et al.,<br><br>              Defendants. | 08 Civ. 10006 (PGG) |
| ALBERT FRIED & COMPANY, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>THE RESERVE FUND, et al.,<br><br>             Defendants. | 08 Civ. 10302 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

       The twelve above-captioned class action cases (08-cv-8060, 08-cv-8098, 08-cv-8103, 08-cv-8137, 08-cv-8139, 08-cv-8292, 08-cv-8593, 08-cv-8946, 08-cv-9525, 08-cv-9604, 08-cv-10006, 08-cv-10302) all concern the collapse of the Reserve Primary Fund, a money

market fund that had invested heavily in the commercial paper of Lehman Bros. and suffered enormous losses when that firm announced that it was filing a bankruptcy petition in September 2008. On September 16, 2008, the Reserve Primary Fund announced that it had "broken the buck" – i.e., its per-share net asset value ("NAV") fell below $0.995 – and suspended redemptions to investors. The drop in the NAV of the Reserve Primary Fund, and the suspension of redemptions, led to this litigation.

Pending before this Court are numerous motions for consolidation filed pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, as well as motions for appointment as lead plaintiff and lead counsel.[1] On August 5, 2009, this Court conducted a pre-trial conference and heard oral argument concerning these motions. Based on the parties' written submissions and oral argument, and for the reasons stated on the record in open court on August 5, 2009, and below, this Court issues the following rulings concerning the pending motions.

## I. CONSOLIDATION

Fed. R. Civ. P. 42(a) provides that a district court may consolidate "actions involving a common question of law or fact." "'A determination on the issue of consolidation is left to the sound discretion of the court,'" In re UBS Auction Rate Sec. Litig., No. 08 Civ. 2967

---

[1] Four plaintiffs or groups of plaintiffs have filed motions for consolidation of all Reserve Primary Fund class action cases and for appointment as lead plaintiff and lead counsel in those actions: (1) Third Avenue Institutional International Value Fund L.P. ("Third Avenue"); (2) plaintiff George Dyer and class members Basil K. Vasiliou and Young Wealth Management (collectively, the "Dyer Group"); (3) Michael and Amy O. Goodman (together, "Goodman"); and (4) Leon Frenkel ("Frenkel").

In addition, two groups of plaintiffs have filed motions for consolidation of the non-PSLRA Reserve Primary Fund class action cases and for appointment as lead plaintiff and lead counsel in those actions: (1) Jay Pomeranz, Sandra Lifschitz and Daniel Shabel (collectively, the "Pomeranz/Lifschitz/Shabel Plaintiffs"); and (2) Stuart M. Kurtzer, PA Profit Sharing Plan and Leah Degnan 1988 Trust, and Albert Fried & Company LLC (collectively, the "Kurtzer/Fried Plaintiffs").

2

(LMM), 2008 U.S. Dist. LEXIS 56016, at *4 (S.D.N.Y. July 16, 2008) (quoting Albert Fadem Trust v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy and cost reduction while insuring that the "paramount concern for a fair and impartial trial" is honored. Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).

Here, there are compelling reasons to consolidate these class actions for pretrial purposes. As an initial matter, all of the class actions arise from the same core set of operative facts: the Reserve Primary Fund's investment in Lehman Bros. debt securities; the losses suffered by the Fund as a result of Lehman's bankruptcy; and the subsequent suspension of redemptions. These actions likewise contain duplicative claims of deviation from the investment policy set forth in the Fund's prospectus and alleged misleading statements and omissions in the prospectus. There is substantial overlap as to named defendants and the legal theories pleaded in the various complaints, including federal claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, under Section 10(b) and 20(a) of the Securities Exchange Act of 1934, and under Section 13(a) and 36(b) of the Investment Company Act of 1940, as well as state law claims of breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and promissory estoppel.

There is also a finite fund here. The Reserve Primary Fund has already distributed in excess of 85% of the assets of the Fund and is in the process of liquidation. Multiple litigations and multiple counsel can only drain away assets from the limited pool available, to the detriment of all shareholders.

Certain of the parties contend that this Court should create two separate consolidated actions: an action consisting of those cases brought under the Private Securities

3

Litigation Reform Act of 1995 ("PSLRA"), and an action consisting of non-PSLRA cases brought under the Investment Company Act and state law. These parties contend that the Court should appoint a lead plaintiff and lead counsel for each set of cases, which would then proceed on separate tracks.

No party has cited any case law requiring such an approach, and it would be ill-advised here. Given the limited fund available, permitting largely duplicative discovery to proceed in two separate consolidated actions will only waste the Fund's assets and reduce the ultimate recovery to the shareholders. The principal argument raised by those parties opposing consolidation of the PSLRA and non-PSLRA actions is that discovery will be stayed pending resolution of a motion to dismiss under the PSLRA, while such a stay is not mandatory for the non-PSLRA cases. It is the Court's view that – in light of the limited fund available here – reducing costs outweighs possible procedural advantage available to non-PSLRA plaintiffs. It is also worth noting that courts have in certain instances chosen to stay discovery in both PSLRA and non-PSLRA cases until a determination is made as to whether any claims will survive a motion to dismiss. See, e.g., In re Mut. Funds Inv. Litig., No. MDL 15861, 2005 WL 697022 (D. Md. Mar. 11, 2005) ("[I]n this particular litigation, the interests of having all plaintiffs on the same discovery schedule and the interests of avoiding some of the cost of discovery until a determination is made as to which, if any, claims will survive motions to dismiss, warrant in the exercise of my discretion extending the discovery stay to the non-PSLRA claims.").

A number of parties have cited In re UBS Auction Rate Sec. Litig., 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008), in support of their argument that the PSLRA and non-PSLRA cases should not be consolidated. This case does not indicate that consolidation is inappropriate here.

4

        The UBS case did not present the finite fund issue described above. UBS was (and is) very much a going concern whereas the Reserve Primary Fund is in liquidation. Secondly, the Court in the UBS case did in fact order some "limited consolidation." The nature of the consolidation ordered is not clear, given that the decision states that "as the cases proceed determinations will be made as to how the goals of orderly prosecution and limitation of expense can be best achieved." In re UBS Auction Rate Sec. Litig., 2008 U.S. Dist. LEXIS 56016, at *6. Finally, the Court's finding in the UBS matter that plaintiffs' counsel had "made a legally respectable choice" in choosing to proceed with only non-PSLRA claims – a finding that also could be made here – did not mandate in that case and does not require here that a consolidation motion be denied. Instead, that is simply another factor to consider along with the paramount concern of ensuring a fair trial and the considerations of judicial economy, convenience, and cost reduction.[2]

---

[2] The Pomeranz/Lifschitz/Shabel Plaintiffs (who seek appointment as lead plaintiff) oppose consolidation of their actions – which assert claims under the Investment Company Act and state law – with those actions that assert claims under the PSLRA. These plaintiffs argue that the "Non-PSLRA Claims are asserted solely on behalf of holders of Primary Fund shares" whereas "the PSLRA class . . . consists largely, if not primarily, of investors who were no longer holding Primary Fund shares when Lehman went bankrupt on September 15." (Pomeranz, Lifschitz, Shabel Dec. 22 Br. 2, 8) However, there is no support for the factual claim that the PSLRA claims are asserted merely on behalf of purchasers who were not holding Reserve Primary Fund shares as of September 15. Indeed, purchasers who liquidated their accounts at an NAV of $1.00 prior to September 15, 2008 would appear to have suffered no damages and thus would not be entitled to any recovery. In any event, as explained below, this Court is appointing as lead plaintiff a party that alleges that it was both a purchaser and a holder of Primary Fund shares at all relevant times (see Aug. 5, 2009 Tr. 23:6-9), and the consolidated amended complaint to be filed in the consolidated action will contain a class definition that encompasses both purchasers and holders. To the extent that the Pomeranz/Lifschitz/Shabel Plaintiffs argue that there is a conflict between purchasers and holders, "courts ruling on motions for appointment of Lead Plaintiff have usually refused to subdivide classes or appoint separate leadership based on alleged intraclass differences or conflicts." In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 446 (S.D. Tex. 2002); In re MicroStrategy, Inc. Sec. Litig., 110 F. Supp.2d 427, 431–32 (E.D. Va. 2000); In re Cendant Corp. Litig., 182 F.R.D. 476, 478 (D. N.J. 1998); In re Olsten Corp. Sec. Litig., 3 F. Supp.2d 286, 293 (E.D.N.Y. 1998).

5

Accordingly, pursuant to Rule 42(a), the twelve actions listed below – as well as any other related Reserve Primary Fund class action hereafter filed in or hereafter transferred to this Court, including any such class action transferred to this Court pursuant to the order of the Judicial Panel of Multidistrict Litigation dated February 10, 2009 – are consolidated for pre-trial purposes in the manner described below:

| | | |
|---|---|---|
| 08 Civ. 8060 (PGG) | 08 Civ. 8098 (PGG) | 08 Civ. 8103(PGG) |
| 08 Civ. 8137 (PGG) | 08 Civ. 8139 (PGG) | 08 Civ. 8292 (PGG) |
| 08 Civ. 8593 (PGG) | 08 Civ. 8946 (PGG) | 08 Civ. 9525 (PGG) |
| 08 Civ. 9604 (PGG) | 08 Civ. 10006 (PGG) | 08 Civ. 10302 (PGG) |

These actions shall be referred to collectively as In re: The Reserve Primary Fund Securities & Derivative Class Action Litigation, No. 08 Civ. 8060 (PGG) (the "Consolidated Reserve Primary Fund Class Action"). The Clerk of this Court shall file a copy of this Order in the separate file for each of the above-captioned Reserve Primary Fund class action cases. Unless otherwise ordered by this Court, future filings in any Reserve Primary Fund class action case herein consolidated shall be filed and docketed only under docket number 08-cv-8060-PGG. All counsel who have entered appearances in any of the twelve above-captioned class action cases shall be deemed to have entered an appearance in the Consolidated Reserve Primary Fund Class Action under the docket number 08-cv-8060-PGG. All motions for admission pro hac vice and all orders granting such motions in any of the twelve above-captioned actions shall also be deemed filed in the Consolidated Reserve Primary Fund Class Action under the docket number 08-cv-8060-PGG.

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any cases that might properly be consolidated as part of this litigation. Any class action involving substantially related questions of law and fact

6

hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

Every pleading filed in the Consolidated Reserve Primary Fund Class Action shall bear the following caption:

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re THE RESERVE PRIMARY FUND<br>SECURITIES & DERIVATIVE CLASS ACTION<br>LITIGATION | 08 Civ. 8060 (PGG) |

No action taken hereunder shall have the effect of making any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II.   SELECTION OF LEAD PLAINTIFF AND LEAD COUNSEL

### A.   Lead Plaintiff

The PSLRA directs the district court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B). Under the PSLRA, there is a rebuttable presumption that a movant which "has the largest financial interest in the relief sought by the class" is the "most adequate plaintiff." Id. Here, the financial interest of Third Avenue dwarfs the interest of any other proposed lead plaintiff. Moreover, Third Avenue is exactly the type of sophisticated institutional investor that Congress intended to serve as lead plaintiff in a PSLRA case.

Relying on W.R. Huff Asset Mgmt. Co., LLC v. DeLoitte & Touche LLP, 549 F.3d 100, 106–07 (2d Cir. 2008), certain movants for lead plaintiff status have argued against

7

Third Avenue's appointment on the ground that it may lack constitutional standing to sue for violations of the federal securities laws. (See, e.g., Goodman Dec. 8 Br. 4–6; Aug. 5, 2009 Tr. 11:8–15:21) W.R. Huff is not on point. In that case, the Second Circuit held that the investment advisor plaintiff lacked "constitutional standing to sue for violations of federal securities laws on behalf of its clients, who are the beneficial owners of the underlying securities." W.R. Huff, 549 F.3d at 103. Third Avenue's action was brought not in the name of an investment advisor, however, but rather in the name of Third Avenue, which actually purchased shares in the Reserve Primary Fund and allegedly suffered an injury in fact from those purchases. The other cases cited by these movants are likewise plainly distinguishable because they involved investment advisors who had not suffered an injury-in-fact (and who also failed to satisfy the adequacy or typicality requirements for appointment as lead plaintiff). See In re SLM Corp. Sec. Litig., Master File No. 08 Civ. 1029 (WHP), 2009 WL 969934, at **2–4 (S.D.N.Y. Apr. 1, 2009) (finding that "investment advisor without a valid assignment of its clients' claims did not have Article III standing at the time this Court appointed it lead plaintiff" and also "no longer satisfies the adequacy or typicality requirement" because "it faces unique legal issues that other class members do not"); In re IMAX Sec. Litig., Master File No. 06 Civ. 6128 (NRB), 2009 WL 1905033, at **3–4 (S.D.N.Y. June 29, 2009) (same) (citing In re SLM Corp., 2009 WL 969934, at **3–4).

    Movant Leon Frenkel argues that Third Avenue should not be selected to serve as lead plaintiff because its initial complaint failed to assert claims pursuant to the Securities Act of 1933. (See Frenkel Dec. 18 Br. at 7) But the fact that Third Avenue did not include all possible claims in its complaint is irrelevant, because the party designated to serve as lead plaintiff will be directed to prepare a consolidated complaint containing all of the causes of action reflected in the

8

multitude of complaints that have been filed. Moreover, Frenkel's unsupported speculation as to Third Avenue's motives for omitting such claims does not constitute "proof by a member of the purported plaintiff class" that might rebut the statutory "presumption" that Third Avenue is "the presumptively most adequate plaintiff." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

Pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 23D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, the Third Avenue Institutional International Value Fund, L.P. is appointed Lead Plaintiff in the Consolidated Reserve Primary Fund Class Action.

### B.     Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." See also Seidel v. Noah Educ. Holdings Ltd., No. 08 Civ. 9203, 2009 WL 700782, at *5 (S.D.N.Y. Mar. 9, 2009). Here, Lead Plaintiff Third Avenue has selected Bernstein Litowitz Berger & Grossmann LLP to represent it. This firm has served as lead counsel in some of the most significant securities class actions that have been brought in this district, including those cases associated with Worldcom, Refco, and Nortel. The Bernstein Litowitz firm is well-qualified to serve as lead counsel in this matter, and is hereby appointed to serve in that capacity.

Lead Counsel shall be responsible for:

(1) Signing any consolidated complaint, motions, briefs, discovery requests, objections, stipulations, or notices on behalf of plaintiffs for any matters arising during pretrial proceedings;

(2) Conducting all pretrial proceedings on behalf of plaintiffs;

(3) Briefing and arguing motions;

(4) Initiating and conducting discovery;

(5) Speaking on behalf of plaintiffs at any pretrial conference;

(6) Employing and consulting with experts;

(7) Conducting settlement negotiations with defense counsel on behalf of plaintiffs;

(8) Calling meetings of plaintiffs' counsel;

(9) Accepting service on behalf of all plaintiffs;

(10) Distributing to all plaintiffs' counsel copies of all notices, orders, and decisions of this Court, <u>including this order</u>;

(11) Maintaining an up-to-date list of counsel available to all plaintiffs' counsel on request; and

(12) Keeping a complete file of all papers and discovery materials filed or generated in the Consolidated Reserve Primary Fund Class Action which shall be available to all plaintiffs' counsel at reasonable hours.

## III.  SCHEDULING AND ADMINISTRATION

As discussed at the August 5, 2009 conference and oral argument,[3] Plaintiffs and Defendants in the Consolidated Reserve Primary Fund Class Action will confer to discuss a schedule for pleadings, including deadlines for the filing and service of:

(1) A consolidated amended complaint for the Consolidated Reserve Primary Fund Class Action;

(2) Defendants' responses to the consolidated amended complaint; and

(3) A briefing schedule for any motions to dismiss the consolidated amended complaint.

By September 10, 2009, Plaintiffs and Defendants in the Consolidated Reserve Primary Fund Class Action will submit to this Court a joint letter containing their proposed schedule for the filing and service of such pleadings and motion papers.

---

[3] (Aug. 5, 2009 Tr. 24:3-17)

This Court directs the parties in the Consolidated Reserve Primary Fund Class Action to consult Paragraph 3(C) of this Court's Individual Practices before filing any motion papers.

Pending filing and service of a consolidated amended complaint, Defendants in the twelve above-captioned class action cases shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them for all purposes pursuant to Rule 42(a).

The complaints in the individual consolidated actions shall be deemed withdrawn and shall be dismissed ten days after the filing of the consolidated amended complaint, unless the plaintiff(s) that initially filed said complaint, no later than ten days after the consolidated amended complaint's filing, show(s) cause for why their complaint should not be dismissed. Any such application shall be captioned with both the name of the particular action to which the application applies and this consolidated action (08-cv-8060-PGG), and docketed and filed both under the individual docket number and under the docket number of the consolidated action.

Discovery in the Consolidated Reserve Primary Fund Class Action is stayed, pursuant to 15 U.S.C. §§ 77z-1(b)(1) and 78u-4(b)(3)(B). The parties are encouraged to meet and confer with each other and with parties in other Reserve Primary Fund litigation, however, concerning a proposed schedule for discovery, taking into account the desirability of coordinating discovery in the various Reserve Primary Fund-related matters, the parties' need to focus on the filing of pleadings and motions, the desirability of expeditiously proceeding with the resolution of the disputes, and the impact of discovery on any settlement negotiations.

Any papers intended to be considered in connection with both the Consolidated Reserve Primary Fund Class Action and <u>In re: The Reserve Fund Securities and Derivative Litigation</u>, 09 MD. 2011, shall be captioned as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| In re THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | 08 Civ. 8060 (PGG) |

Such filings shall be filed and docketed under both 09 MD. 2011 and 08 Civ. 8060. Counsel shall provide the Clerk of the Court with two copies of each such filing for that purpose.

In issuing this Order, this Court makes no ruling and expresses no opinion on any class certification issues, and defendants reserve all rights to oppose certification of a putative class.

## CONCLUSION

For the foregoing reasons, Third Avenue Institutional International Value Fund, L.P.'s ("Third Avenue") motion for consolidation of the twelve above-captioned Reserve Primary Fund class action cases (08-cv-8060, 08-cv-8098, 08-cv-8103, 08-cv-8137, 08-cv-8139, 08-cv-8292, 08-cv-8593, 08-cv-8946, 08-cv-9525, 08-cv-9604, 08-cv-10006, 08-cv-10302) for pre-trial purposes is GRANTED; these twelve actions shall be referred to collectively as In re: The Reserve Primary Fund Securities & Derivative Class Action Litigation, No. 08 Civ. 8060 (PGG) (the "Consolidated Reserve Primary Fund Class Action"). Further, Third Avenue's motion for appointment of Third Avenue as lead plaintiff in the Consolidated Reserve Primary Fund Class Action is GRANTED, and Third Avenue's motion for appointment of Bernstein Litowitz Berger & Grossman LLP as lead counsel in the Consolidated Reserve Primary Fund Class Action is GRANTED.

All other motions in the twelve above-captioned Reserve Primary Fund class action cases are DENIED.[4]

Accordingly, the Clerk of the Court is directed to terminate the following 10 motions of Third Avenue, which this Court has GRANTED, as set forth above:

> 08 Civ. 8060 (PGG) – [Docket No. 5];
> 08 Civ. 8098 (PGG) – [Docket No. 10];
> 08 Civ. 8103 (PGG) – [Docket No. 13];
> 08 Civ. 8137 (PGG) – [Docket No. 7];
> 08 Civ. 8139 (PGG) – [Docket No. 7];
> 08 Civ. 8292 (PGG) – [Docket No. 18];
> 08 Civ. 8593 (PGG) – [Docket No. 8];
> 08 Civ. 8946 (PGG) – [Docket No. 6];
> 08 Civ. 9525 (PGG) – [Docket No. 18]; and
> 08 Civ. 9604 (PGG) – [Docket No. 4].

---

[4] This Court notes that there are no pending motions in 08 Civ. 10006 (PGG), Leon Frenkel v. The Reserve.

13

The Clerk of the Court is further directed to terminate the following 15 motions, which this Court has DENIED, as set forth above:

>08 Civ. 8060 (PGG) – [Docket Nos. 8, 13, 25];
>08 Civ. 8098 (PGG) – [Docket No. 13];
>08 Civ. 8103 (PGG) – [Docket No. 17];
>08 Civ. 8137 (PGG) – [Docket No. 12];
>08 Civ. 8139 (PGG) – [Docket Nos. 10, 19];
>08 Civ. 8292 (PGG) – [Docket No. 31];
>08 Civ. 8593 (PGG) – [Docket No. 11];
>08 Civ. 8946 (PGG) – [Docket No. 10];
>08 Civ. 9525 (PGG) – [Docket No. 21];
>08 Civ. 9604 (PGG) – [Docket Nos. 7, 10]; and
>08 Civ. 10302 (PGG) – [Docket No. 18].

And as stated above, the Clerk of the Court is further directed to file a copy of this Order in the separate file for each of the Reserve Primary Fund class action cases (08-cv-8060, 08-cv-8098, 08-cv-8103, 08-cv-8137, 08-cv-8139, 08-cv-8292, 08-cv-8593, 08-cv-8946, 08-cv-9525, 08-cv-9604, 08-cv-10006, 08-cv-10302).

Dated: New York, New York
August 26, 2009

SO ORDERED.

Paul G. Gardephe
United States District Judge

14